Stacy M. Ehrisman, GA Bar # 452069
THE EHRISMAN LAW FIRM, P.C.
572 Buford Drive
Lawrenceville, GA 30046
PH: (678) 985-0313
Fax: (470) 281-9282
Email: stacy@ehrismanlaw.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOSE VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | Case No. ________________<br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff, Jose VARGAS ("Plaintiff" or "Subject of Record"), submitted a Freedom of Information Act ("FOIA") request to the Defendant, United States Citizenship and Immigration Services ("Defendant" or "USCIS") on October 7, 2025, for records concerning his immigration history. Defendant wrongfully closed Plaintiff's FOIA requests without producing any responsive records, failed to

decide Plaintiff's administrative appeal, and failed to respond to Plaintiff's subsequent meta-FOIA request within the time prescribed by FOIA. Plaintiff therefore brings this action for declaratory and injunctive relief under FOIA, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

3. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district.

## PARTIES

4. Plaintiff, Jose VARGAS, submitted a FOIA request to Defendant USCIS through his attorney on October 7, 2025. He resides in Gwinnett County, Georgia.

5. Defendant, USCIS, is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for administering and adjudicating applications and petitions for immigration benefits. USCIS has responsive records in its possession, custody, and control. Defendant is charged with

the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

6. On October 7, 2025, Plaintiff, through his lawyer, filed a FOIA request ("Request" or "FOIA Request") with USCIS for records relating to his immigration history as a recipient of Temporary Protected Status. The FOIA request complied with USCIS's requirements and included the required verification of identity. A copy of the request is attached as Exhibit A.

7. In an email dated October 7, 2025, USCIS confirmed receipt of Plaintiff's FOIA Request and assigned the Request a control number, NRC2025678226REQ. The agency's confirmation of receipt is attached as Exhibit B.

8. On October 9, 2025, USCIS closed Plaintiff's FOIA request without producing any responsive records under Control Number NRC2025462042, attached as Exhibit C. Although USCIS did not expressly identify a specific deficiency in Plaintiff's submission, its determination letter advised that Plaintiff would need to provide the verification-of-identity and authorization information in accordance with 6 CFR § 5.21(e) in order to pursue the request.

9. On November 5, 2025, Plaintiff submitted a second FOIA request ("Second Request"), this time using USCIS Form G-639 instead of counsel's

verification of identity form. A copy of the Second Request and the accompanying G-639 are attached as Exhibit D.

10. In an email dated November 6, 2025, USCIS confirmed receipt of the Second Request and assigned the Second Request Control Number NRC2025745454REQ. The agency's confirmation of receipt is attached as Exhibit E.

11. On November 8, 2025, USCIS again closed Plaintiff's FOIA request without producing any responsive records under Control Number NRC2025508248, attached as Exhibit F. The agency claimed that Plaintiff failed to comply with DHS FOIA regulations under 6 C.F.R. § 5.3, stating: "Specifically, you did not provide complete verification of identity information since the subject of record's current physical address was not provided."

12. The applicable regulations do not require disclosure of the subject of the records' current physical or residential address. They require only a "current address." *See* 6 C.F.R. §§ 5.3(a)(3)–(4), 5.21(e), (g). Consistent with those regulations, USCIS's own FIRST portal and Form G-639 request the subject's current mailing address, not a physical or residential address.

13. On December 8, 2025, Plaintiff's attorney filed an administrative appeal of the second FOIA determination. This Appeal was assigned Control No. APP2026011031 and is attached as Exhibit G. To date, no determination has been

issued on the Appeal. Attached as Exhibit H is the USCIS Appeal Portal Status as of August 24, 2026.

14. On April 27, 2026, Plaintiff's attorney filed a meta-FOIA relating to Defendant's response to Plaintiff's FOIA Requests and Appeal. To date, USCIS has failed to respond to Plaintiff's meta-FOIA request. The meta-FOIA request and submission confirmation with tracking number COW2026004476REQ are attached as Exhibit I and J.

15. Under FOIA, an agency is required to make an initial "determination" with regard to a request within 20 working days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i). FOIA further requires an agency to make a determination regarding an administrative appeal within 20 working days after receiving it. *See id.* § 552(a)(6)(A)(ii).

16. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than 10 working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

17. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

18. USCIS has failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired. Furthermore, in closing

the Second Request, USCIS imposed a current-physical-address requirement that appears nowhere in the governing regulations or USCIS's published request form.

19. Plaintiff has exhausted all available administrative remedies and therefore files the instant action.

## CAUSES OF ACTION

### COUNT ONE
### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within the Time Required

20. Plaintiff incorporates paragraphs 13 through 17 and paragraph 19 above, and no others.

21. Under the FOIA, Defendant was required to respond to Plaintiff's FOIA requests and appeal, and to notify Plaintiff of the agency's determination within 20 working days after receiving the request. 5 U.S.C. § 552(a)(6)(A) and (B).

22. Defendant's failure to make the requisite determination and to communicate it to Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

### COUNT TWO
### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Wrongful Withholding of Records

23. Plaintiff incorporates paragraphs 9 through 14 and 18 through 19 above, and no others.

24. Defendant is wrongfully withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA requests and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA requests.

25. Plaintiff has a legal right to obtain such records and no legal basis exists for Defendant's failure to disclose them.

26. Defendant's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**COUNT THREE**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Conduct an Adequate Search**

27. Plaintiff incorporates paragraphs 9 through 11, 13 through 14, and 18 through 19 above, and no others.

28. Defendant has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's requests. 5 U.S.C. § 552(a)(3)(C).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

2. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's requests violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);
3. Declare that Defendant's failure to produce responsive records regarding Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(3)(A),(C);
4. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Requests in accordance with 5 U.S.C. § 552(a)(3)(C);
5. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;
6. Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
7. Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

/s/ Stacy M. Ehrisman
Stacy M. Ehrisman
Bar Number: GA 452069
*Attorney for Plaintiff*
THE EHRISMAN LAW FIRM, P.C.
572 Buford Drive
Lawrenceville, GA 30046
PH: (678) 985-0313
Email: stacy@ehrismanlaw.com